UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-04808-SPG-AJR | Date | August 5, 2025 |
| Title | Minjie Zheng v. Internet Corp. for Assigned Names & Numbers, et al. | | |

| | |
|---|---|
| Present: The Honorable | SHERILYN PEACE GARNETT<br>UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| P. Gomez | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceeding: (IN CHAMBERS) ORDER DENYING PLAINTIFF'S EMERGENCY MOTIONS TO COMPEL DISCLOSURE [ECF NOS. 50, 51]**

Before the Court are the Emergency Motions to Compel Disclosure (ECF Nos. 50, 51 ("Motions")) filed by Plaintiff Minjie Zheng ("Plaintiff"). Pursuant to Federal Rule of Civil Procedure 37, Plaintiff requests that the Court order the attorneys representing Defendant Verisign, Inc. ("Verisign) to provide documentation confirming the legal basis of their authority to represent Verisign. For the reasons stated below, Plaintiff's Motions are DENIED.

First, Plaintiff's Motions are procedurally improper. Verisign has not yet been served in this case and is therefore not subject to the Court's jurisdiction. "Because this action remains at the pleadings stage and because [Verisign] ha[s] not yet responded to the [complaint], it remains premature to issue orders compelling discovery responses from the parties." *Cox v. United States*, No. 8:16-cv-01222-CJC-KES, 2018 WL 6039872, at *2 (C.D. Cal. July 25, 2018). Moreover, a plaintiff may only move to compel discovery after: "(1) he has properly served his discovery requests; (2) the responding party has provided responses to the discovery requests or has failed to respond in a timely manner; and (3) Plaintiff has met and conferred or attempted to meet and confer with the responding party on the discovery dispute." *Ramirez v. Wardlow Laundry LLC*, No. CV 22-8633 FMO (RAOx), 2023 WL 4291814, at *1 (C.D. Cal. June 8, 2023); *Clark v. City of Los Angeles*, No. CV 20-10768 CAS (PVC), 2022 WL 17220036, at *8 (C.D. Cal. Feb. 9, 2022) ("The Court cannot 'compel' a responding party to produce discovery until the requesting party has propounded a proper discovery request . . . on the opposing party asking for it in accordance with the Federal Rules of Civil Procedure.").

Second, on the merits, Plaintiff has presented no basis to question the veracity of Verisign's attorneys' authority to represent Verisign. It is a fundamental principle that an attorney's notice of appearance "has always been received as evidence of his authority; and no additional evidence . . . has ever been required." *Osborn v. Bank of United States*, 22 U.S. 738, 830 (1824) (Marshall, C.J.); *see Streit v. Covington & Crowe*, 82 Cal. App. 4th 441, 446

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-04808-SPG-AJR | Date | August 5, 2025 |
| Title | Minjie Zheng v. Internet Corp. for Assigned Names & Numbers, et al. | | |

(2000) ("[T]he act of making a court appearance on behalf of a party creates a presumption that the attorney is authorized to do so."); *see also Bonnifield v. Thorp*, 71 F. 924, 927-28 (D. Alaska 1896) (explaining that "[t]he burden of proof rests upon him who denies the authority" and that "allegations of belief are not sufficient" to meet this burden).

Plaintiff's Motions are not well taken. First, there is no reason for Plaintiff to file duplicate motions. Such filings are frivolous and vexatious for the Court and the opposing parties. Second, "[t]he filing of emergency motions is disfavored because of the numerous problems they create for the opposing party and the court resolving them." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140 (D. Nev. 2015). Such motions "impose an unnecessary administrative burden on the court and an unnecessary adversarial burden on opposing counsel who are required to make a hurried response under pressure, usually for no good reason." *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989). Plaintiff is cautioned to avoid the use of such procedures except in cases of true emergencies. In all other situations, as the Court has previously directed him, Plaintiff must file a regularly noticed motion in compliance with the local rules. Failure to do so may be grounds for sanctions under Rule 11.

**IT IS SO ORDERED.**

___ : ___

Initials of Preparer pg