RONALD L. JOHNSTON (Bar No. 57418)
Ronald.Johnston@arnoldporter.com
JAMES S. BLACKBURN (Bar No. 169134)
James.Blackburn@arnoldporter.com
OSCAR RAMALLO (Bar No. 241487)
Oscar.Ramallo@arnoldporter.com
HANNAH R. COLEMAN (Bar No. 327875)
Hannah.Coleman@arnoldporter.com
ZACHARY MORRIS (Bar No. 336532)
Zachary.Morris@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: (213) 243-4000

Attorneys for Defendant VeriSign, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MINJIE ZHENG,

Plaintiff,

v.

INTERNET CORPORATION FOR ASSIGNED NAMES AND NUMBERS and VERISIGN, INC.,

Defendants.

Case No. 2:25-cv-04808-SPG-AJR

**DEFENDANT VERISIGN'S OPPOSITION TO PLAINTIFF'S FINAL NOTICE REGARDING CONFIRMATION OF SERVICE VALIDITY**

**(Relates to ECF 75)**

Judge: Hon. Sherilyn Peace Garnett
Crtrm: 5C

Action Filed: May 23, 20255

## INTRODUCTION

Defendant VeriSign, Inc. ("Verisign") hereby submits this Opposition to Plaintiff Minjie Zheng's ("Plaintiff") Final Notice Regarding Confirmation of Service Validity, Acceptance of Jurisdiction, and Intent to Apply for Default Judgment ("Final Notice") (ECF 75). This Court should deny Plaintiff's Notice.

## BACKGROUND

In his Final Notice, Plaintiff again asserts his baseless theory of "de facto" service—specifically, that Verisign was "served" because it downloaded the complaint from the public docket prior to formal service of the summons and complaint *by* Plaintiff himself. This Court has already rejected this frivolous claim on two separate occasions.

In its Order Denying Plaintiff's Request for Sanctions on July 18, this Court rejected Plaintiff's meritless arguments on its purported service, and confirmed that:

> Plaintiff ha[d] not filed any proof of service on any of the named Defendants, and VeriSign indicates that it is not waiving service of process. Plaintiff must therefore serve Defendants with copies of the summons and complaint pursuant to Federal Rule of Civil Procedure 4 and file proof of such service on the docket. ECF 37.

Despite the Court's clear order, Plaintiff filed another frivolous motion related to service. The same day that the Court issued its Order (ECF 37), Plaintiff filed a "Motion to Confirm De Facto Service of Process," where he asked the Court to: (1) "[v]acate the July 18, 2025 Order"; (2) "Order VeriSign to respond to the Complaint within 14 days"; and (3) "Confirm valid de facto service on VeriSign." ECF 42 at 1, 3. Yet again, this Court denied Plaintiff's motion and held that "VeriSign has not waived service of process," and "Plaintiff has not provided proof of service on any of the defendants in this case and remains obligated to do so." ECF 46 at 1. The Court also noted that Plaintiff had failed to comply with the Local Rules and the Court's Standing Order and that "[f]ailure to comply with the Local Rules and the

Court's Standing Order may be grounds for the Court to strike future motions." *Id.* at 1-2.

## ARGUMENT

### I. Plaintiff's Final Notice Is Frivolous.

In his Final Notice, Plaintiff raises the same frivolous claims that this Court has now rejected *twice*. While it should go without saying why Plaintiff's claims are meritless, Verisign feels that it is necessary to respond to correct Plaintiff's repeated misrepresentations and abuse of process.

First, as Plaintiff's own Proof of Service of the Complaint makes clear, Plaintiff did not serve the complaint on Verisign in this case until July 23, 2025. ECF 48. Verisign filed its motion to dismiss sixteen days later, on August 8, 2025. ECF 63. Thus, there should be no dispute that Verisign timely filed its Motion to Dismiss.

Second, Plaintiff attempts to argue that Verisign was "effectively served on July 1, 2025" and did not "object[] to service in [its] initial motions." ECF 75 at 2. Both of these statements are false. Plaintiff claims that he effectively served Verisign because Verisign downloaded the complaint from the docket on July 1, 2025. *Id.* Not so. Under the Federal Rules of Civil Procedure and the Local Rules, Plaintiff was responsible for serving the complaint and summons on Verisign, and the time for Verisign to respond to the complaint did not start running until proper service was effectuated. Fed. R. Civ. P. 4(c)(1) ("***The plaintiff is responsible*** for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.") (emphasis added); L.R. 4-6 ("The plaintiff must file a proof of service within 14 days of service of the summons and complaint or receipt of a notice and acknowledgement of service. Failure to file a proof of service timely may result in the imposition of sanctions against the plaintiff.").

Verisign has repeatedly informed Plaintiff and this Court that it had not been

properly served prior to July 23, 2025. *See, e.g.*, ECF 27, Notice of Appearance of Verisign's Counsel (July 11, 2025) ("Verisign has not been served in this action and its counsel's appearance does not constitute waiver of service of process or any defects in service."); ECF 63-1, Declaration of Zachary Morris (Aug. 8, 2025), ¶ 8 ("I responded to Mr. Zheng again explaining that Verisign had not yet been served."); ECF 63, Motion to Dismiss (Aug. 8, 2025), n.1 ("[Plaintiff] did not serve Verisign until July 23, 2025").

Third, Plaintiff's purported authorities for his Final Notice are irrelevant and do not support any of his claims. ECF 75 at 3. In *Henderson v. United States*, 517 U.S. 654 (1996), the Supreme Court addressed the relationship between Fed. R. Civ. P. 4 and the Suits in Admiralty Act. The Court noted the importance of proper service under the Federal Rules of Civil Procedure to "supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Id.* at 672. Plaintiff claims that the case supports his position that "objections must be raised in the initial response." ECF 75 at 3. Setting aside that the case says no such thing, Verisign has already raised its objections to Plaintiff's meritless claims on numerous occasions. Plaintiff also cites to *New Hampshire v. Maine*, 532 U.S. 742 (2001), which as he even admits, is a case that discusses "judicial estoppel." ECF 75 at 3. Plaintiff's Final Notice has nothing to do with judicial estoppel. As with many of Plaintiff's other filings in these case, Plaintiff's arguments appear to be generated by artificial intelligence ("AI") without Plaintiff reviewing the AI's work to confirm that the cited cases stand for their cited proposition or even that the AI-generated arguments are facially coherent.

**II. Plaintiff's Final Notice Is Procedurally Improper.**

Plaintiff's Final Notice also suffers from numerous procedural defects.

First, there is no such thing as a "Final Notice Regarding Confirmation of Service

Validity," under the local rules or the Federal Rules of Civil Procedure. It is unclear what relief, if any, Plaintiff seeks in his "Final Notice," but to the extent he is purporting to ask the Court to determine that "VeriSign was effectively served on July 1, 2025"—which for the reasons stated above, is false—Plaintiff should have filed a properly noticed motion. This Court has already admonished Plaintiff for failing to file "regularly noticed motion[s] in compliance with the local rules," yet Plaintiff continues to disregard the Court's orders and the local rules. ECF 57 at 2; *see also* ECF 46 at 1-2.

Second, in his Final Notice, Plaintiff stated that "If Defendants' Counsel Does Not Respond Within Four Days, Plaintiff Will Apply for Clerk's Entry of Default." ECF 75 at 1. There is no requirement under the Local Rules that Verisign respond to such a "Notice," within four days, and Plaintiff's threat to apply for entry of default is improper.

Third, Plaintiff did not confer with Verisign before filing the Final Notice. *See* ECF 46 ("The purpose of Local Rule 7-3 is 'not only to prevent unnecessary motion practice, but also to eliminate or streamline the issues litigants bring before the Court'") (quoting *El-Said v. BMW of N. Am., LLC*, No. 819CV02426JLSJDE, 2023 WL 3551959, at *6 (C.D. Cal. Mar. 23, 2023)).

Fourth, the Federal Rules do not provide any vehicle for entry of default judgment on the facts present here. The clerk may only enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Plaintiff has not and cannot make such a showing here. To the contrary, Verisign filed a motion to dismiss on August 8, 2025 (ECF 63) and is actively defending the case.

## CONCLUSION

In pursuing his "de facto" service theory, Plaintiff has filed multiple frivolous

motions and "notices" with the Court, which the Court has rejected *twice*. The continued volume and obstinance of Plaintiff's communications wastes the resources of the Parties and this Court.

The Court should deny Plaintiff's Final Notice and put an end to Plaintiff's abusive filings.

Dated: August 20, 2025

ARNOLD & PORTER KAYE SCHOLER LLP

By: <u>*/s/ Ronald L. Johnston*</u>

Ronald L. Johnston
James S. Blackburn
Oscar Ramallo
Hannah R. Coleman
Zachary Morris

Attorneys for Defendant VeriSign, Inc.

**PROOF OF SERVICE**

1. I am over eighteen years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 777 South Figueroa Street, Forty-Fourth Floor, Los Angeles, California 90017-5844.

2. On **August 20, 2025**, I served the following document(s):

**DEFENDANT VERISIGN'S OPPOSITION TO PLAINTIFF'S FINAL NOTICE REGARDING CONFIRMATION OF SERVICE VALIDITY**

3. I served the document(s) on the following person(s):

| | |
|---|---|
| **MinJie Zheng**<br>**c/o Daniel Zheng**<br>**950 Diaz Lane**<br>**San Mateo, CA 94404**<br>**Tel: (650)918-6198**<br>**Tel: +86-13910612445**<br>**Email: 36502860@qq.com** | ***Plaintiff in Pro Se*** |
| **Jeffrey A. LeVee (State Bar No. 125863)**<br>**Kelly W. Watne (State Bar No. 307563)**<br>**Christine E. Cheung (State Bar No. 335629)**<br>**JONES DAY**<br>**555 S. Flower Street, 50th Floor**<br>**Los Angeles, CA 90071**<br>**Tel: (213) 489-3939**<br>**jlevee@jonesday.com**<br>**kwatne@jonesday.com**<br>**cecheung@jonesday.com** | ***Defendant Internet Corporation for Assigned Names and Numbers*** |

4. The documents were served by the following means:

☒ **By U.S. Mail**. I enclosed the document(s) in a sealed envelope or package addressed to the person(s) at the address(es) in Item 3 and **(check one)**:

☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

☒ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

☐ **By Overnight Delivery/Express Mail**. I enclosed the documents and an unsigned copy of this declaration in a sealed envelope or package designated by **[name of delivery company or U.S. Postal Service for Express Mail]** addressed to the persons at the address(es) listed in Item 3, with **[Express Mail postage or, if not Express Mail, delivery fees]** prepaid or provided for. I placed the sealed envelope or package for collection and delivery, following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for express delivery. On the same day the correspondence is collected for delivery, it is placed for collection in the ordinary course of business in a box regularly maintained by **[name of delivery company or U.S. Postal Service for Express Mail]** or delivered to a courier or driver authorized by **[name of delivery company]** to receive documents.

☐ **By Messenger Service**. I served the documents by placing them in an envelope or package addressed to the persons at the address(es) listed in Item 3 and providing them to a professional messenger service for service. (*See* attached Declaration(s) of Messenger.)

☒ **By Electronic Service (E-mail)**. Based on California Rule of Court 2.251(c)(3), or on a court order, or on an agreement of the parties to accept service by electronic transmission, I transmitted the document(s) to the person(s) at the electronic notification address(es) listed in Item 3 on **August 20, 2025**.

☐ **Via Court Notice of Electronic Filing**. The document(s) will be served by the court via NEF and hyperlink to the document(s). On **August 20, 2025**, I checked the CM/ECF docket for this case or adversary proceeding and determined that the person(s) listed in Item 3 are on the Electronic Mail Notice List to receive NEF transmission at the email addresses indicated in Item 3 **[or on the attached service list, if applicable]**.

☐ **STATE**: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **FEDERAL**: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Dated: **August 20, 2025**.

Signature: *Deleny L. Figueroa*

Type or Print Name: Deleny Figueroa
E-Service Address:
deleny.figueroa@arnoldporter.com